# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1677

_____

William E. Stricker, Pamela Hines    *
Stricker, Ozark Management, Inc.,    *
Allergy & Asthma Consultants of    *
the Ozarks, Ltd.,    *
   *
     Plaintiffs - Appellants,    *
   *
     v.    *
   *   Appeal from the United States
Union Planters Bank, N.A., Great    *   District Court for the
Plains Airline Holding Co.,    *   Western District of Missouri.
   *
     Defendants,    *
   *
David A. Johnson, Steven R. Berlin,    *
Tom Kimball, Tammie Maloney,    *
Jeff Sullivan, Donald L. McCorkell,    *
Burt B. Holmes, John H. Knight,    *
   *
     Defendants - Appellees.    *

_____

Submitted: November 16, 2005
Filed: February 3, 2006

_____

Before MURPHY, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

William Stricker, Pamela Stricker, Ozark Management, Inc., and Allergy & Asthma Consultants of the Ozarks, Ltd. (collectively, "the Strickers") appeal from the District Court's[1] denial of their motion for leave to amend their complaint against the appellees—each a current or former director of Great Plains Airlines Holding Company ("Great Plains"). We affirm.

In September 1999, the Strickers obtained a $21,800,000 loan (the "Aircraft Loan") from Union Planters Bank in Columbia, Missouri, to purchase airplanes for Ozark Air Lines, a new regional airline they intended to operate out of Columbia. Union Planters required that the Strickers execute an Unconditional Guaranty of Payment and Performance on the Aircraft Loan. In early 2001, the Strickers sold the majority of their interest in Ozark Air to Great Plains, a regional airline operating out of Tulsa, Oklahoma, and accepted shares of Great Plains stock in the transaction. Also in connection with the sale, Great Plains assumed responsibility for future payments under the Aircraft Loan and agreed to request that Union Planters release the Strickers from their personal guaranty on the loan. Union Planters, however, later rejected a written request from Great Plains to release the Strickers from their personal guaranty.

In March 2003, Union Planters sent the first of four default notices to the Strickers as guarantors on the Aircraft Loan, stating that Great Plains had failed to make several payments. Although Great Plains and Union Planters eventually restructured the loan agreement, Union Planters again refused to release the Strickers from their personal guaranty on the Aircraft Loan. When Great Plains later defaulted on the Aircraft Loan, the Strickers paid the outstanding loan balance pursuant to their personal guaranty.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

The Strickers, as shareholders of Great Plains, filed a complaint alleging gross negligence and breach of fiduciary duty by the appellees in their capacities as current or former directors of Great Plains. The Strickers claimed that the appellees caused Great Plains to default on the Aircraft Loan and, because the appellees failed to obtain their release as guarantors, triggered the Strickers' obligation to pay the outstanding balance of the loan. The District Court granted the appellees' motion to dismiss the breach-of-fiduciary-duty and gross-negligence claims, reasoning that the Strickers' alleged injuries arose out of their status as creditors of Great Plains and that they could not base their claims on duties owed to them as shareholders of Great Plains. Order of Sept. 7, 2004 at 7–8.[2]

The Strickers then sought leave to amend their complaint to assert a claim against the appellees for gross negligence and for breach of fiduciary duty allegedly owed to the Strickers not as shareholders but as creditors of Great Plains. The District Court denied the Strickers leave to amend, concluding that in their capacity as individual creditors of Great Plains, they did not have standing under Missouri law to assert breach-of-fiduciary-duty and gross-negligence claims directly against the appellees. The Strickers appeal, and we affirm.

The Strickers first argue that the District Court erred by applying Missouri law. In a diversity action, a district court sitting in Missouri follows Missouri's choice-of-law rules to determine applicable state law, and we review the court's conclusions de novo. See Hill v. Burlington N. & Santa Fe Ry. Co. (In re Derailment Cases), 416 F.3d 787, 794 (8th Cir. 2005). When determining choice-of-law issues in tort actions, Missouri courts apply the "most significant relationship" test. Goede v. Aerojet Gen. Corp., 143 S.W.3d 14, 24 (Mo. Ct. App. 2004). This test requires a court to consider: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and

_____

[2]The Strickers do not challenge this ruling.

place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Id. n.6 (quoting Restatement (Second) of Conflict of Laws § 145 (1971)). After considering these factors, the District Court concluded that Missouri law applied to the Strickers' claims because the Strickers were Missouri residents; the relationship between the litigants arose solely from an agreement regarding the sale of Ozark Air, an airline carrier incorporated in and operating out of Missouri; and the Strickers' claims stemmed from a loan secured in whole or in part by property located in Missouri. For the reasons given by the District Court, we agree that Missouri law applies to the Strickers' claims.

The Strickers next argue that the District Court erred in denying their motion for leave to file a second amended complaint. Although "leave to amend should be granted freely 'when justice so requires,'" it may be denied if an amendment would be futile. Migliaccio v. K-tel Int'l, Inc. (In re K-tel Int'l, Inc. Sec. Litig.), 300 F.3d 881, 899 (8th Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). When a district court concludes that an amendment would be futile because "no actual amendments to the complaint are possible, we review the denial of leave to amend for abuse of discretion." Campagnuola v. Cerner Corp. (In re Cerner Corp. Sec. Litig.), 425 F.3d 1079, 1086 (8th Cir. 2005) (citing K-tel, 300 F.3d at 899–900). On the other hand, when a district court concludes that an amendment would be futile because "a specific allegation, even if amended, would fail to state a claim as a matter of law, we review the denial de novo." Id. (citing K-tel, 300 F.3d at 899); see also Batt v. Acceptance Ins. Cos., Inc. (In re Acceptance Ins. Cos. Sec. Litig.), 423 F.3d 899, 904 (8th Cir. 2005) (noting that while we generally review the denial of a motion to amend for abuse of discretion, "for the narrow issue of futility, we review de novo"). Although the parties disagree about the applicable standard of review, we conclude that under either standard the Strickers have not shown that an amendment would save their claims.

The District Court denied the Strickers' motion to amend based on its conclusion that "an individual creditor does not have standing to assert a breach of fiduciary duty claim against corporate directors."  Order of Nov. 16, 2004 at 4.  In Drummond Co. v. St. Louis Coke & Foundry Supply Co., No. ED 84884, 2005 WL 2648443 (Mo. Ct. App. Oct. 18, 2005), a decision published after the District Court issued its order in this case, the Missouri Court of Appeals considered and rejected a claim similar to the fiduciary-duty claim asserted by the Strickers.  Drummond sued St. Louis Coke's directors, claimed that the directors caused St. Louis Coke to default on payments due to Drummond and thereby breached a fiduciary duty owed to Drummond as a creditor of St. Louis Coke.  In rejecting Drummond's claim, the Missouri Court of Appeals observed that "no Missouri case has held there to be a cause of action for breach of fiduciary duty by a corporate director to a creditor of the corporation."  Id. at *4.  The court acknowledged, however, that "in the limited situation where . . . it is conclusively established that [the corporation] is insolvent," a director may be liable to creditors of the corporation because "[i]n such cases the corporation [is] effectively de facto dissolved, placing the directors . . . in a trustee-like position for the equal benefit of all creditors."  Id. at *5 (emphasis added).

The Strickers are not suing on behalf of all creditors of Great Plains—they seek only an individual recovery.  Accordingly, even if they "conclusively established" that Great Plains was insolvent, thus triggering the appellees' "trustee-like" duty to all creditors of Great Plains, they do not have standing to sue for a full individual recovery of the outstanding balance on the Aircraft Loan.  We conclude that the District Court did not err, much less abuse its discretion, in denying the Strickers' motion for leave to amend their complaint.  We affirm the judgment of the District Court.

_____